UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUAN TORRES, on behalf of himself and others
similarly situated,

                              Plaintiff,          **MEMORANDUM AND ORDER**

    -against-

                                                  11-CV-6249 (SLT) (MDG)

M.S. ITALIAN SPECIALTIES CORP. d/b/a
RAVIOLI FAIR, and STEVE DI GESARO,

                              Defendants.
------------------------------------------------------------x
**TOWNES, United States District Judge:**

        Plaintiff Juan Torres brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), seeking to recover, *inter alia*, unpaid minimum wages, unpaid overtime compensation and liquidated damages for himself and other employees of defendant M.S. Italian Specialties Corp. d/b/a Ravioli Fair ("Ravioli Fair"). Plaintiff's complaint specifically alleges that Ravioli Fair "was, and continues to be, an 'enterprise engaged in commerce' within the meaning of the FLSA." Complaint at ¶9.

        Defendants now seek permission to move to dismiss this action on the ground that Ravioli Fair is not, in fact, an enterprise engaged in commerce as defined under the FLSA. Specifically, defendants assert that Ravioli Fair does not meet the definition set forth in 29 U.S.C. § 203(s)(1) because it does not have annual gross sales of over $500,000. In support of this argument, defendants cite to four cases – none of which involved a motion to dismiss – for the proposition that "[c]ourts have consistently held that companies that had less than the specified dollar amount of gross sales or business are not considered 'an enterprise' within the meaning of the FLSA." Letter to Judge Townes from Netanel Newberger, dated Feb. 24, 2012, at 1.

In response, plaintiff cites to cases holding that the gross annual sales requirement of 29 U.S.C. § 203(s)(1) is not a jurisdictional prerequisite, but merely an element that must be proved in order to establish liability under the FLSA. Plaintiff reasons that "because the issue of enterprise coverage, including whether an [*sic*] defendant's annual gross sales exceeds [*sic*] $500,000, speaks to the merits of plaintiff's claim rather than the Court's jurisdiction over it, plaintiff is entitled to discovery on the issue of defendant's volume of business." Letter to Judge Go from Justin Cilenti, Esq., dated Mar. 16, 2012, at 1. Plaintiff urges this Court to deny defendants permission to "make a baseless pre-answer motion" and to direct defendants to answer the complaint. *Id.* at 2.

While defendants motion may ultimately prove not to be baseless, it is premature. Because "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted), a court deciding such a motion "is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Moreover, in considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ofori-Tenkorang v. Am. Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006). If "matters outside the pleading are presented to and not excluded by the court," a court should convert the motion to one for summary judgment and give "all parties . . . [a] reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d).

In deciding defendant's proposed motion to dismiss, this Court would have to assume the truth of plaintiff's allegation that Ravioli Fair "was, and continues to be, an 'enterprise engaged in commerce' within the meaning of the FSLA." See Complaint at ¶9; *Erickson*, 551 U.S. at 94; *Ofori-Tenkorang*, 460 F.3d at 298. This Court could not consider evidence of Ravioli Fair's annual gross sales or any other matters not contained, attached to, or referred to in plaintiff's complaint without converting the motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, because the parties have yet to engage in the discovery that might enable plaintiff to controvert defendant's evidence of gross annual sales, it would be inappropriate for this Court to entertain a motion for summary judgment at this juncture.

## *CONCLUSION*

For the reasons set forth above, defendants' request for permission to move to dismiss this action on the ground that Ravioli Fair is not an enterprise engaged in commerce as defined under the FLSA is denied as premature. Defendants shall serve their answer to plaintiff's complaint within 14 days of their electronic receipt of this Memorandum and Order. *See* Fed. R. Civ. P. 12(a)(4)(A). Nothing herein shall preclude defendants from seeking permission to move for summary judgment on this issue after plaintiff has had the opportunity to conduct discovery regarding Ravioli Fair's gross annual sales.

**SO ORDERED.**

s/ SLT

/ SANDRA L. TOWNES
United States District Judge

Dated: April 12, 2012
Brooklyn, New York

3